Copy hand-delivered to chambers

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

09 NOV 17 A8 50

JON W. SANFILIPPO
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.  Case No. 09-CR-222 (CNC)

JASON M. LUDKE,

Defendant.

# PLEA AGREEMENT

1. The United States of America, by its attorneys, Michelle L. Jacobs, United States Attorney for the Eastern District of Wisconsin, and Brian J. Resler, Assistant United States Attorney, and the defendant, Jason M. Ludke, individually and by attorney Thomas E. Phillip, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2. The defendant has been charged in four counts of a four-count indictment, which alleges violations of Title 18, United States Code, Section 876(c).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 21, 2009, in the State and Eastern District of Wisconsin,

## JASON M. LUDKE

knowingly caused to be delivered by the U.S. Postal Service according to the direction thereon, a written communication, postmarked July 21, 2009, addressed to Judge Griesbach, United States District Court, Eastern District of Wisconsin, at Green Bay, Wisconsin, and containing a threat to injure the person of Judge Griesbach.

All in violation of Title 18, United States Code, Section 876(c).

5.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts in this plea agreement beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt.

    a.  In June, 2009, Federal Bureau of Investigation (FBI) Special Agent Patrick Lynch interviewed Jason Ludke, who was serving a state sentence at the Brown County Jail. Ludke advised that he was going to renounce his United States citizenship, convert to Islam, and join a Hizballah group in Qom. Ludke further stated that prior to being arrested, he was trying to buy guns and explosives in order to rob a bank– the proceeds of which he would use to establish a Muslim community to target the United States government, specifically to bomb federal offices and Army recruiting centers.

    b.  In July 2009, the United States Marshals Service (USMS) provided S.A. Lynch with three stamped envelopes and letters sent from Jason M. Ludke at the Brown County Jail and addressed to District Judge William C. Griesbach, who presides over matters heard in the Green Bay Division of the Eastern District of Wisconsin. A clerk at the federal Clerk of Court for the Eastern District of Wisconsin– Green Bay Division further provided S.A. Lynch with a fourth stamped envelope and accompanying letter also addressed to Judge Griesbach. Each of the letters was received and opened by a representative of the Clerk of Court and subsequently turned over to the USMS or the FBI.

2

c.  Inmates at the Brown County Jail cause mail to be sent from that facility by placing a stamped envelope in a general mail box located in the cell block. A correctional officer then places the mail from the mail box with other outgoing mail that is then delivered by the U. S. Postal Service.

d.  The first envelope was postmarked July 13, 2009 and addressed as follows: "Attn: Judge Griesbach, United States District Court, Eastern District of Wisconsin, 125 S. Jefferson, P.O. Box 22490, Green Bay, WI 54305-2490." The return address was, "(Jason Ludke) Brown County Jail, 3030 Curry Lane, Green Bay, WI 54311." The handwritten letter contained within that envelope provided, in part, as follows: "*Give up your post of kufr rule and be under Islamic treaty, or I swear by Allahu ta 'ala that I will personally kill you and your regime infidel staff, and bomb your courthouse.*" The sender identified himself at the end of the letter as "Imam Muhammad Abdun Naasir al-Hanafi (a.k.a. Jason M. Ludke)" and included the signature, "Jason Ludke."

e.  The second envelope was also postmarked July 13, 2009 and addressed as follows: "Attn: United States District Court, Eastern District of Wisconsin, * Judge Griesbach, 125 S. Jefferson St., P.O. Box 22490, Green Bay, WI 54305." The return address was, "(Jason Ludke), Brown County Jail, Green Bay, WI, 54311." The handwritten letter contained within the envelope provided, in part, as follows: "*I declare jihad (war) upon you judge and your infidel regime! I will assuredly kill you infidel and all ye kaafiroon that support your kufr reign!*" It further provided, "*If you cease your rule of satanic law we may have treaty, and you, your family, and your minions will not be killed for the sake of Allahu Ta'ala! If you refuse, your death will be slow and painful.*" The sender again identified himself at the end of the letter as "Imam Muhammad Abdun Naasir al-Hanafi (a.k.a. Jason M. Ludke)" and included the signature, "Jason Ludke."

f.  The third envelope was postmarked July 16, 2009, and was addressed in an identical manner as the previous letters. The handwritten letter provided, in part, that: "*If you now do not pay me the necessary islamic Jizyah fee $ for your transgressions, I give testimony (wallahi) that I am gonna hunt you down and kill you slowly and painfully Judge Griesbach, for the wrongs you've committed!" This letter is to inform you Judge Griesbach that you have one last chance to mail me the financial islamic Jizyah fee $ or this is my death verdict upon you and your kuffar regime! I assure you, by Allah! I will hunt you down and kill you, your family, and all of your infidel staff! I will strike fear through your regime as I blow up your kufr courthouse.*" The sender identified himself as "Jason Michael Ludke (Muhammad Abdun Naasir al-Hanafi)."

g.  The fourth envelope was postmarked July 21, 2009 and was again addressed in an identical manner as the previous letters. Ludke's letter stated in part as follows: "*Allow me to willfully leave to Istanbul, Turkey or I will have no choice but to hunt*

3

*you down and kill you and your staff! If you do not have me immediately transferred out of this facility or released, I will be contacting my brothers of the islamic al-shabab and there will be blood on your hands and your kuffar government due to random acts of violence in response to your unresponsiveness. Imagine federal courthouses filled with infidel americans being victim to liquefied forms of Semtex bonded to a paper mulch with nitrous pellets from fertilizer surrounded by C-4 with ball bearings for added destruction!....<u>this is not an idle threat</u> U.S. Judge Griesbach<u>!</u>" "If you do not pay heed to my call and bargain, bear witness that I will do everything in my power to kill you Judge Griesbach and your kuffar regime!"* The sender identified himself as "Jason Michael Ludke (Muhammad Abdun Naasir al-Hanafi)."

h. On August 6, 2009, Brown County jail personnel searched the cell of Jason Ludke. Correctional officers recovered several other letters addressed to several federal judges and signed by Jason Ludke that contained similar threats to those noted above.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 10 years and $250,000. The count also carries a mandatory special assessment of $100 and a maximum of three years of supervised release.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a career offender under the sentencing guidelines.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

4

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of Mailing Threatening Communications, as set forth in Count Four, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly deposited or caused to be deposited in the mail, for delivery by the United States Postal Service, a true threat to injure someone; and

<u>Second</u>, that the defendant did so knowingly and willfully.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties

may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Four is 12 under Sentencing Guidelines Manual § 2A6.1(a)(1).

### Specific Offense Characteristics

17.     The parties agree to recommend to the sentencing court that a 2-level increase for multiple threats under Sentencing Guidelines Manual § 2A6.1(b)(2) is applicable to the offense level for the offense charged in Count Four.

### Acceptance of Responsibility

18.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

### Career Offender

19.     The parties acknowledge, understand, and agree that the defendant may qualify as a career offender under the sentencing guidelines. The parties further understand, acknowledge, and agree that the defendant may not move to withdraw the guilty plea solely as a result of a determination that under the guidelines, the defendant is determined to be a career offender.

### Sentencing Recommendations

20.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21.     Both parties reserve the right to make any recommendation regarding any matters not specifically addressed by this agreement.

22.     The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

23.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction or upon further order of the Court. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

26.     The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation

within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

## Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing, or upon further order of the Court.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

- a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

- b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

- c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

- d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to,

9

present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

  e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

32. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear

11

for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 11-13-09

JASON M. LUDKE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 11/13/09

THOMAS E. PHILLIP
Attorney for Defendant

For the United States of America:

Date: 11/17/09

MICHELLE L. JACOBS
United States Attorney

Date: 11/17/09

BRIAN J. RESLER
Assistant United States Attorney

13